

VANESSA L. ARMSTRONG, CLERK

APR − 3 2019

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**ASSURED RX, LLC**
**NITESH PATEL**
**CHRISTOPHER NELSON**

INDICTMENT

NO. _3:19-cr-58-CRS_

18 U.S.C. § 2
18 U.S.C. § 371
18 U.S.C. § 981
18 U.S.C. § 982
18 U.S.C. § 1347
18 U.S.C. § 1349
28 U.S.C. § 2461
42 U.S.C. § 1320a-7b

The Grand Jury charges:

## COUNT 1
*(Conspiracy-Kickbacks)*

### *Introduction*

1. **ASSURED RX, LLC** is an active Florida Limited Liability Company established on March 19, 2008, with a principal address of 13555 Automobile Blvd., Suite 230, Clearwater, Florida, 33762. **ASSURED RX, LLC** is a compounding pharmacy that, among other things, produced compounded drug products, including compounded creams for scars, pain, and other ailments that were marketed by marketing subagents. **ASSURED RX, LLC** billed Medicare, Tricare, and other federal and commercial health care benefit programs for these creams. Its registered agent is **NITESH PATEL**. **NITESH PATEL** established a business bank account (Acct # xxxxx3050) as the sole signer at JP Morgan Chase Bank (JPMC) on November 15, 2012, on behalf of **ASSURED RX, LLC**. **NITESH PATEL** also established a business bank account

(Acct # xxxxx1371) as the sole signer at JPMC on January 21, 2016, on behalf of **ASSURED RX, LLC.** **NITESH PATEL** and another person established a business bank account (Acct#xxxxx7851) at Fifth Third Bank on September 11, 2009, on behalf of **ASSURED RX, LLC.**

2.   Boots RX, Inc. is an inactive Florida corporation originally established by **NITESH PATEL** on May 8, 2013, with a principal address of 13555 Automobile Blvd., Suite 230, Clearwater, Florida, 33762.  Its registered agent was **NITESH PATEL**.  On June 5, 2014, Boots RX, Inc. changed its name to Boots, Inc. **NITESH PATEL** established a business bank account (Acct # xxxxx2595) as the sole signer at JPMC on May 10, 2013, on behalf of Boots, Inc. On December 31, 2015, Boots, Inc. was voluntarily dissolved.

3.   Bluegrass Pain Consultants, P.L.L.C. (BPC) was established by **CHRISTOPHER NELSON**, M.D., on April 25, 2008, with a principal address of 10241 Champion Farms Drive, Louisville, Kentucky.

4.   ETN, LLC is an active Delaware Limited Liability Company established and owned by a relative (Relative #1) of **CHRISTOPHER NELSON** on January 13, 2015, with a principal address of 3170 Running Deer Circle, Louisville, Kentucky.  Relative #1 established a business bank account (Acct#xxxxxxxx6519) as the sole signer at Bank of America on January 24, 2015, on behalf of ETN, LLC.

5.   Employee #1 was an employee of BPC and close friend of **CHRISTOPHER NELSON**.  On June 12, 2015, Employee #1 established an individual checking account (Acct# xxxxxxxxx1621) at Branch Banking & Trust Co. (BB&T) where Employee #1 was the sole signer. On the same day, Employee #1 and **CHRISTOPHER NELSON** revised this checking account (Acct# xxxxxxxxx1621) with joint right of survivorship at BB&T where both Employee #1 and **CHRISTOPHER NELSON** had signatory authority.

6. KMK, LLC is an inactive Kentucky Limited Liability Company established by a relative (Relative #2) of **CHRISTOPHER NELSON** on April 28, 2017, with a principal address of 6705 Elmcroft Circle, Louisville, Kentucky.  Relative #2 was the registered agent for KMK, LLC.   On January 25, 2016, **CHRISTOPHER NELSON** and Relative #2 established joint checking account (Acct#xxxxxxxxx8959) with joint right of survivorship at BB&T where both **CHRISTOPHER NELSON** and Relative #2 had signatory authority.

*The Conspiracy*

7. Beginning no later than on or about November 1, 2014, and continuing through on or about July 1, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **ASSURED RX, LLC**, **NITESH PATEL**, and **CHRISTOPHER NELSON**, defendants herein, did knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury to:

a.      defraud the United States by impairing, impeding, obstructing and defeating through deceitful and dishonest means, the lawful government function of the United States, in its administration and oversight of the Medicare and Tricare programs; and

b.      to violate Title 42, United States Code, Section 1320a-7b(b)(1)(A), by knowingly and willfully soliciting and receiving any remuneration (including any kickback, bribe, and rebate) directly or indirectly, overtly and covertly, in cash and in kind, in return for referring an individual to a person for the furnishing and arranging for the furnishing of any item and service, such as compounded drug products, for which payment may be made in whole and in part under a Federal health care program, that is, Medicare and Tricare;

c.      to violate Title 42, United States Code, Section 1320a-7b(b)(2)(A), by knowingly and willfully offering and paying any remuneration (including any kickback, bribe, and

rebate) directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person to refer an individual to a person for the furnishing and arranging for the furnishing of any item and service, such as compounded drug products, for which payment may be made in whole and in part under a Federal health care program, that is, Medicare and Tricare;

*Object of the Conspiracy and the Scheme to Defraud*

8. It was the object of the conspiracy for the Defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) offering, paying, soliciting, and receiving kickbacks and bribes in return for prescribing compounded drugs (containing various controlled substances such as Lidocaine, Gabapentin, and Meloxicam) to Medicare and Tricare beneficiaries and referring Medicare and Tricare beneficiaries for prescription compounded drugs; (b) causing the submission of claims to Medicare and Tricare for prescription compounded drugs that the co-conspirators purported to provide to those beneficiaries for the purpose of increasing profits earned by **ASSURED RX, LLC, NITESH PATEL**, and **CHRISTOPHER NELSON**; and (c) paying bonuses to BPC employees to induce the employees to prescribe compounded drugs to BPC patients, including Medicare and Tricare beneficiaries.

*Manner and Means of the Conspiracy and the Scheme to Defraud*

9. It was part of the conspiracy that **ASSURED RX, LLC** and **NITESH PATEL** increased their profits by inducing **CHRISTOPHER NELSON** and BPC to refer the majority, if not all, of their patients, including Medicare and Tricare patients, to **ASSURED RX, LLC** to receive prescription compounded drug products. **ASSURED RX, LLC** and **NITESH PATEL** caused the submission to Medicare and Tricare of claims for prescription compounded drugs that were not legitimately prescribed, resulting in reimbursement from Medicare and Tricare. **ASSURED RX, LLC** and **NITESH PATEL** paid a higher than average sales commission to **CHRISTOPHER**

4

**NELSON**, through intermediaries, for patients with commercial insurance in exchange for the referral of government insured patients. This inducement was accomplished by knowingly and willfully paying kickbacks to **CHRISTOPHER NELSON**, which were funneled through ETN, LLC, Employee #1 and Relative #2 to **CHRISTOPHER NELSON**. **ASSURED RX, LLC** provided **CHRISTOPHER NELSON** and BPC with compounding cream order forms that were completed at BPC and faxed to **ASSURED RX, LLC**.

10. It was further part of the conspiracy that **CHRISTOPHER NELSON** increased his profits by knowingly and willfully receiving kickback payments in exchange for referring his patients, including Medicare and Tricare patients, to **ASSURED RX, LLC** to receive compounded drug products.

11. It was further part of the conspiracy that **CHRISTOPHER NELSON** paid bonuses to BPC nurse practitioners and physician assistants based on the number of compounded drug products they prescribed to BPC patients and that were filled by **ASSURED RX, LLC**. BPC physicians either signed the compounded drug product prescriptions or a BPC employee would sign or stamp the physicians' names on the **ASSURED RX, LLC** order form.

*Overt Acts*

12. In furtherance of, and to affect the objectives of, the conspiracy, the following overt acts, among others, using ETN, LLC, were committed in the Western District of Kentucky and elsewhere:

a. On January 16, 2015, ETN, LLC, owned by Relative #1 but fully controlled by **CHRISTOPHER NELSON**, executed a Marketing Subagent Agreement with **ASSURED RX, LLC** to become a marketing representative for **ASSURED RX, LLC**, marketing compounding medication in exchange for 50% of the net collections on all prescriptions developed by ETN,

LLC, filled by **ASSURED RX, LLC** and paid for by insurance; however, no prescriptions adjudicated through government insurance carriers were supposed to be paid. **ASSURED RX, LLC** and **NITESH PATEL** failed to provide Relative #1 with any sales training, products training, and compounded drug product marketing materials.

      b. From on or after November 1, 2014, BPC physicians prescribed compounded drug products to patients insured by Tricare to be filled, some including refills, at **ASSURED RX, LLC**.

      c. At an unknown time, but from on or after November 1, 2014, the conspirators caused **ASSURED RX, LLC** to submit claims to Tricare for filling prescriptions for compounded drug products.

      d. From at least in or around November 1, 2014, through and including June 2015, the defendants and others caused Tricare to pay **ASSURED RX, LLC** approximately $41,611.35 for compounded drug products.

      e. From on or about February 23, 2015, through on or about June 15, 2015, **NITESH PATEL** paid kickbacks totaling $225,779.35 to ETN, LLC, in the form of electronic payments and checks through Boots, Inc.'s JPMC bank acct# xxxxx2595 to Bank of America bank acct# xxxxxxxxx6519 in the name of ETN, LLC, which was controlled by **CHRISTOPHER NELSON**.

      13. In furtherance of, and to affect the objectives of, the conspiracy, the following overt acts, among others, using Employee #1 were committed in the Western District of Kentucky and elsewhere:

      a. On June 12, 2015, Employee #1, **CHRISTOPHER NELSON's** employee and close friend, executed a Marketing Subagent Agreement with **ASSURED RX, LLC** to become a

marketing representative for **ASSURED RX, LLC**, marketing compounding medication in exchange for 50% of the net collections on all prescriptions developed by Employee #1, filled by **ASSURED RX, LLC** and paid for by insurance; however, no prescriptions adjudicated through government insurance carriers were supposed to be paid. **ASSURED RX, LLC** and **NITESH PATEL** failed to provide Employee #1 with any sales training, products training, and compounded drug product marketing materials.

      b. From on or after June 12, 2015, BPC physicians prescribed compounded drug products to patients insured by Medicare and Tricare to be filled, some including refills, at **ASSURED RX, LLC**.

      c. At an unknown time, but from on or after June 12, 2015, the conspirators caused **ASSURED RX, LLC** to submit claims to Medicare and Tricare for filling prescriptions for compounded drug products.

      d. From at least in or around June 2015, through and including December 2015, the defendants and others caused Medicare to pay **ASSURED RX, LLC** approximately $67,267.96 and Tricare to pay approximately $7,339.21 for compounded drug products.

      e. From on or about July 1, 2015, through on or about January 4, 2016, **NITESH PATEL** paid kickbacks totaling $282,140.24 to **CHRISTOPHER NELSON**, through Employee #1 , in the form of electronic payments through Boots, Inc. JPMC bank acct# xxxxx2595 to BB&T bank acct# xxxxxx1621 in the name of Employee #1 and **CHRISTOPHER NELSON**.

      14. In furtherance of, and to affect the objectives of, the conspiracy, the following overt acts, among others, using Relative #2 were committed in the Western District of Kentucky and elsewhere:

a. On January 26, 2016, Relative #2 executed a Marketing Subagent Agreement with **ASSURED RX, LLC** to become a marketing representative for **ASSURED RX, LLC**, marketing compounding medication in exchange for 50% of the net collections on all prescriptions developed by Relative #2, filled by **ASSURED RX, LLC** and paid for by insurance; however, no prescriptions adjudicated through government insurance carriers were supposed to be paid. **ASSURED RX, LLC** and **NITESH PATEL** failed to provide Relative #2 with any sales training, products training, and compounded drug product marketing materials.

b. From on or after January 26, 2016, BPC physicians prescribed compounded drug products to patients insured by Medicare and Tricare to be filled, some including refills, at **ASSURED RX, LLC**.

c. At an unknown time, but from on or after January 26, 2016, the conspirators caused **ASSURED RX, LLC** to submit claims to Medicare and Tricare for filling prescriptions for compounded medications.

d. From at least in or around January 2016, through and including May 2018, the defendants and others caused Medicare to pay **ASSURED RX, LLC** approximately $2,478,808.20 and Tricare to pay approximately $842.08 for compounded drug products.

e. From on or about February 22, 2016, through on or about May 15, 2018, **NITESH PATEL** paid kickbacks totaling $906,870.74 to **CHRISTOPHER NELSON**, through Relative #2, in the form of checks and electronic payments through **ASSURED RX, LLC's** JPMC bank acct# xxxxx1371 and Fifth Third bank account# xxxxx7851 to BB&T acct# xxxxxx8959 in the name of Relative #2 and **CHRISTOPHER NELSON**.

15. **CHRISTOPHER NELSON**, in turn, paid BPC nurse practitioners and physician assistants the bonuses listed below for the sole purpose of inducing BPC employees to prescribe

prescription compounding drug products to BPC patients, including Medicare and Tricare patients, to be filled at **ASSURED RX, LLC** to maximize kickbacks from **ASSURED RX, LLC**:

| Initials | Credentials | 2015 | 2016 | 2017 | 2018 (thru 06/05/18) | Total |
|---|---|---|---|---|---|---|
| KB | PA-C | $4,347.00 | $5,082.00 | $11,477.00 | $6,180.00 | $27,086.00 |
| KH | APRN | | $987.00 | $10,587.00 | $6,045.00 | $17,619.00 |
| LS | APRN | $56.00 | $553.00 | $4,207.00 | $2,700.00 | $7,516.00 |
| TL | PA-C | | $4,242.00 | $2,230.00 | | $6,472.00 |
| SN | PA-C | $357.00 | | $2,610.00 | $855.00 | $3,822.00 |
| LB | PA-C | | $525.00 | $1,175.00 | $1,050.00 | $2,750.00 |
| KC | APRN | $1,099.00 | | | | $1,099.00 |
| DH | PA-C | | $175.00 | $302.00 | $420.00 | $897.00 |
| SW | | | | $660.00 | $150.00 | $810.00 |
| KJ | APRN | $490.00 | | | | $490.00 |
| CC | APRN | | | $315.00 | | $315.00 |
| JL | | | | | $150.00 | $150.00 |
| CI | PA-C | | $84.00 | $14.00 | | $98.00 |
| | | $6,349.00 | $11,648.00 | $33,577.00 | $17,550.00 | $69,124.00 |

In violation of Title 18, United States Code, Section 371, and Title 42, United States Code, Section 1320a-7b.

The Grand Jury further charges:

## COUNTS 2-7
### *(Offering or Paying Health Care Kickbacks)*

16.  The Grand Jury hereby realleges Paragraphs 1 through 15 of Count 1 of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

17.  On or about the dates listed below, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **NITESH PATEL**, defendant herein, aided and abetted by others, did knowingly and willfully offer to pay and pay remuneration, that is kickbacks and bribes, directly and indirectly, covertly and overtly, in the form of cash, checks, electronic payments, and travel expenses to CHRISTOPHER NELSON, through sales representatives established by and

controlled by CHRISTOPHER NELSON, to induce him and BPC employees to write prescriptions for compounded drug products for BPC Medicare and Tricare beneficiaries to be filled at ASSURED RX, LLC for which payment may be made in whole or in part under a Federal health care program:

| COUNT | REP | KICKBACK AMOUNT | KICKBACK DATE |
|:---:|:---:|:---:|:---:|
| 2 | ETN, LLC | $43,192.14 | February 23, 2015 |
| 3 | ETN, LLC | $28,884.36 | April 15, 2015 |
| 4 | Employee #1 | $34,998.66 | October 1, 2015 |
| 5 | Employee #1 | $28,910.34 | December 15, 2015 |
| 6 | Relative #2 | $31,745.30 | February 22, 2016 |
| 7 | Relative #2 | $55,000.00 | January 16, 2018 |

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 8
*(Conspiracy – Health Care Fraud)*

On or about and between November 1, 2014, and continuing through June 1, 2018, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **ASSURED RX, LLC** and **NITESH PATEL**, defendants herein, and others, did knowingly and willfully combine, conspire and confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to knowingly and willfully

execute, and attempt to execute, a scheme and artifice to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of health care benefit programs, in connection with the delivery of, and payment for, health care benefits, items, and services, to wit:  **ASSURED RX, LLC** and **NITESH PATEL**, and others, falsely and fraudulently billed various health care benefit programs, including Tricare and Medicare, for compounded drug product prescriptions by inflating the cost of compounding the drug product prescriptions so Medicare and Tricare would pay higher reimbursement rates to **ASSURED RX, LLC** and **NITESH PATEL**.

In violation of Title 18, United States Code, Section 1349.

The Grand Jury further charges:

<u>COUNTS 9-11</u>
*(Health Care Fraud-Inflated Compounded Drug Prescriptions)*

On or about the dates listed below, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, **ASSURED RX, LLC** and **NITESH PATEL**, defendants herein, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly and willfully executed, and attempted to execute, a scheme and artifice to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, to wit: **ASSURED RX, LLC** and **NITESH PATEL** and others, falsely and fraudulently billed various health care benefit programs, including Tricare, for compounded drug product prescriptions by inflating the cost of compounding the drug product prescriptions so Medicare and Tricare would pay higher reimbursement rates to **ASSURED RX, LLC** and **NITESH PATEL**:

| COUNT | COST OF DRUG | BILLED AMOUNT | DATE |
|:-----:|:------------:|:-------------:|:----:|
| 9 | $748.80 | $4,519.70 | November 11, 2014 |
| 10 | $748.80 | $4,519.70 | November 12, 2014 |
| 11 | $748.80 | $4,519.70 | December 4, 2014 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## NOTICE OF FORFEITURE

1.    The Grand Jury hereby realleges Counts 1-11 of this Indictment and incorporates the counts by reference as if the same were fully set forth herein.

2.    If convicted of any violation of Title 18, United States Code, Sections 1347 and 1349, or of Title 42, United States Code, Section 1320a-7b, **ASSURED RX, LLC**, **NITESH PATEL**, and **CHRISTOPHER NELSON**, defendants herein, shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of any such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7); and Title 28, United States Code, Section 2461.

A TRUE BILL.

FOREPERSON

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RCM:JRA:AK 4/02/2019

12

UNITED STATES OF AMERICA v. **ASSURED RX, LLC, NITESH PATEL**, and **CHRISTOPHER NELSON**

### P E N A L T I E S

| | |
|---|---|
| Count 1: | NM 5 yrs/$250,000 (personal)/$500,000 (corporate) fine/both/NM 3 yrs. Supervised |
| Counts 2-8: | NM 10 yrs./$100,000 fine/both/NM 3 yrs. Supervised Release (each count) |
| Counts 9-11: | NM 10 yrs./$250,000 (personal)/$500,000 (corporate) fine/both/NM 3 yrs. Supervised Release (each count) |

Forfeiture

### N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
|---|---|---|---|
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612
**Failure to pay fine as ordered may subject you to the following:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613
   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

    1.      That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

    2.      Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| | |
|---|---|
| LOUISVILLE: | Clerk, U.S. District Court<br>106 Gene Snyder U.S. Courthouse<br>601 West Broadway<br>Louisville, KY 40202<br>502/625-3500 |
| BOWLING GREEN: | Clerk, U.S. District Court<br>120 Federal Building<br>241 East Main Street<br>Bowling Green, KY 42101<br>270/393-2500 |
| OWENSBORO: | Clerk, U.S. District Court<br>126 Federal Building<br>423 Frederica<br>Owensboro, KY 42301<br>270/689-4400 |
| PADUCAH: | Clerk, U.S. District Court<br>127 Federal Building<br>501 Broadway<br>Paducah, KY 42001<br>270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is mad

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT
Western District of Kentucky
At Louisville

## THE UNITED STATES OF AMERICA

vs.

### ASSURED RX, LLC
### NITESH PATEL
### CHRISTOPHER NELSON

## INDICTMENT

### Count 1
*Conspiracy-Kickbacks*
18 U.S.C. §1349
21 U.S.C. §1320a-7b
### Counts 2-7
*Offering or Paying Health Care Kickbacks*
42 U.S.C. §§1320a-7b(b)(2)(A)
18 U.S.C. §2
### Count 8
*Conspiracy – Health Care Fraud*
18 U.S.C. §1349
### Counts 9-11
*Health Care Fraud-Inflated Compounded Drug
Prescriptions*
18 U.S.C. §§1347 and 2
### Forfeiture

*A true bill.*

*Foreperson*

*Filed in open court this 3rd day of April, 2019.*

FILED

APR - 3 2019

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

*Clerk*

*Bail, $*